**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10320 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00190-GEB-5 |
| v. | |
| GEORGE B. LARSEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 2, 2020**
San Francisco, California

Before:  SILER,*** WARDLAW, and M. SMITH, Circuit Judges.

George Larsen appeals his conviction and sentence for (1) five counts of

bank fraud under 18 U.S.C. § 1344(1), and (2) one count of conspiracy under 18

U.S.C. § 371 to falsely make lending association writings and to commit bank

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

fraud. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in its jury instructions by omitting a knowledge of unlawfulness requirement for bank fraud, or a knowledge of falsehood requirement for falsely making lending association writings, nor were its conspiracy instructions deficient on either of these grounds. We review for plain error because Larsen did not object to the relevant instructions at trial. *See United States v. Campbell*, 42 F.3d 1199, 1204 (9th Cir. 1994) (limiting review of the jury instructions to plain error where the defendant did not object to the jury instructions in accordance with Fed. R. Crim. P. 30, even though the defendant did submit alternate instructions).

The district court's instructions for bank fraud were consistent with the language of the statute, which specifies a knowing, not a willful, intent requirement. *See* 18 U.S.C. § 1344 ("Whoever *knowingly* executes, . . . .") (emphasis added); *Shaw v. United States*, 137 S. Ct. 462, 468 (2016) (explaining that knowledge is the required *mens rea* for bank fraud); *see also United States v. Lunn*, 860 F.3d 574, 579–80 (7th Cir. 2017) (upholding jury instructions materially similar to those given here). *United States v. Cloud*, 872 F.2d 846 (9th Cir. 1989), is not to the contrary. *See id.* at 852 n.6 (stating that "[t]o act with the 'intent to defraud' means to act willfully, and with the specific intent to deceive or cheat"). Although *Bryan v. United States*, 524 U.S. 184, 191–92 (1998), interpreted

statutory use of the term "willfully" to require intent to violate the law, the bank fraud statute does not use the term "willfully," and our own colloquial use of the term in *Cloud* preceded *Bryan*'s interpretation.[1]

The instructions were also consistent with Ninth Circuit Model Criminal Jury Instructions for bank fraud and intent to defraud. *See* Ninth Circuit Manual of Model Criminal Jury Instructions §§ 5.7, 5.12, 8.125. Accordingly, the district court did not err in its bank fraud instructions. *Cf. United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004) ("There can be little doubt that the court correctly defined intent," where the court's instruction, defining "intent to defraud" as "an intent to deceive or cheat," came "directly from Ninth Circuit Model Criminal Jury Instructions.").

There is no model instruction for falsely making lending association writings, but the district court's instructions followed the language of the statute. *See* 18 U.S.C. § 493. It was not plain error for the district court not to add a *mens rea* instruction going beyond the language of the statute. The statutory language at issue ("falsely makes, forges, counterfeits, . . .") does not raise the same concerns regarding punishment of innocent conduct as in *Staples v. United States*, 511 U.S.

---

[1] Our post-*Bryan* decisions notably have not used the term "willfully" to describe the *mens rea* for bank fraud. *See Loughrin v. United States*, 573 U.S. 351, 357 (2014); *United States v. Grasso*, 724 F.3d 1077, 1089–90 (9th Cir. 2013); *United States v. Rizk*, 660 F.3d 1125, 1135 (9th Cir. 2011); *United States v. McNeil*, 320 F.3d 1034, 1037 (9th Cir. 2003).

18-10320

600 (1994), or *Liparota v. United States*, 471 U.S. 419 (1985). *See Staples*, 511 U.S. at 614–15 (possession of certain unregistered firearms); *Liparota*, 471 U.S. at 426 (possession of unauthorized food stamps).

Because the district court did not plainly err with respect to the jury instructions for bank fraud or for falsely making lending association writings, its conspiracy instruction was not infected by any error. Furthermore, Larsen's single conspiracy count was based on two offenses, bank fraud and falsely making lending association writings. The district court used a special verdict form where the jury indicated that it convicted Larsen of the conspiracy count based on both conspiracy to commit bank fraud and conspiracy to falsely make lending association writings. Accordingly, even if the district court erred in its instruction to the jury regarding falsely making lending association writings, it did not prejudice Larsen or affect the outcome of the district court proceedings.

The prosecutor did not commit misconduct during rebuttal by asserting that the government need not prove that Larsen knew his conduct was unlawful. As Larsen did not object, a plain error standard of review applies. *See United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190–91 (9th Cir. 2015). If a prosecutor misstates the law in closing arguments, the prosecutor commits misconduct. *See United States v. Flores*, 802 F.3d 1028, 1034–37 (9th Cir. 2015). Here, the prosecutor did not misstate the law. The prosecutor's statement was consistent with

the district court's jury instructions. Therefore, the government did not commit prosecutorial misconduct.

The district court did not err by declining to adopt Larsen's proposed good faith instruction. This issue is reviewed de novo. *See United States v. Castagana*, 604 F.3d 1160, 1163 n.2 (9th Cir. 2010). Larsen proposed that the court instruct the jury that it "may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud." This instruction is not necessary when a court has adequately instructed the jury with respect to the charge's specific intent. *See United States v. Hickey*, 580 F.3d 922, 931 (9th Cir. 2009). Here, the district court correctly instructed the jury that bank fraud requires "intent to defraud," and that "[a]n intent to defraud is an intent to deceive or cheat." Therefore, Larsen's proposed good faith instruction was unnecessary. *See Shipsey*, 363 F.3d at 967 (in case involving mail and wire fraud, holding that "the court correctly instructed the jury on the definition of intent, i.e., an intent to deceive or cheat"); *id.* at 968 ("Where the instruction actually given was legally sufficient, a defendant cannot successfully contend that declining to use his specific formulation was an abuse of discretion.").

We reject Larsen's argument that the district court committed procedural error by failing to recognize its discretion to disagree with the sentencing

Guidelines. When an individual raises a policy disagreement with the Guidelines, a district court commits procedural error if it fails to acknowledge its *Kimbrough* discretion to vary from the Guidelines accordingly. *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) (citing *Kimbrough v. United States*, 552 U.S. 85, 109–10 (2007)). However, the district court need not in fact vary from the Guidelines if it does not in fact have a policy disagreement with them. *Id.* Here, the district court acknowledged its discretion to disagree with the Guideline range but did not find any reason to vary from the Guidelines in this case. At the sentencing hearing, the district court stated: "A judge has discretion to disagree with the advisory guideline range. I haven't been provided with information that justifies the exercise of my discretion as Mr. Larsen has requested[.]" Therefore, this argument fails.

The district court's sentence was not substantively unreasonable. If a district court imposes a within-Guidelines range sentence, we may reverse only if the district court's decision not to impose a lower sentence was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2010). Here, the district court considered the parties' arguments and the 18 U.S.C. § 3553(a) factors and imposed a total imprisonment term at the low end of the Guidelines range. The record reflects a rational and meaningful consideration of the factors enumerated in

6                                                                                          18-10320

§ 3553(a) and there is no indication that the low end of the Guidelines sentence was illogical.

**AFFIRMED**.